# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# ABILENE DIVISION

| | |
|---|---|
| **KENNETH DAVID SCOTT,** § | |
| § | |
| Movant, § | |
| § | |
| v. § | No. 1:21-cv-0099-P |
| § | (No. 1:19-cr-0061-P) |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| Respondent. § | |

## OPINION AND ORDER

Came on for consideration the motion of Kenneth David Scott, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 1:19-CR-061-P, and applicable authorities, finds that the motion should be **DENIED**.

## I. BACKGROUND

The record in the underlying criminal case reflects the following:

On June 12, 2019, Movant was named in a six-count indictment charging him in count one with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846, and in count two with distribution and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). CR Doc. 3.[1] On September 9, 2019, Movant entered a plea of not guilty to the charges. CR Doc. 110. On September 23, 2019, Movant and the government filed a plea agreement, CR Doc. 126, a sealed plea agreement

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 1:19-CR-061-P.

supplement, CR Doc. 127, and factual resume, CR Doc. 128, that had all been signed by Movant, his counsel, and counsel for the government. The plea agreement reflected that Movant had agreed to plead guilty to count two of the indictment and the government agreed that it would not bring any additional charges against Movant based on the conduct underlying and related to the plea of guilty. CR Doc. 126. The plea agreement reflected that it was freely and voluntarily made and was not the result of force or threats, or of promises apart from those set forth in the agreement; that there had been no guarantees or promises from anyone as to what sentence the Court would impose; that Movant had thoroughly reviewed all the legal and factual aspects of the case with his attorney and was fully satisfied with his legal representation; that Movant had determined that because he was guilty, it was in his best interest to enter into the plea rather than to proceed to trial; that the sentence would be imposed by the Court after consideration of the sentencing guidelines and that no one could predict with certainty the outcome of the Court's consideration of the guidelines in his case; and that the Court could impose a term of imprisonment of not more than 20 years. *Id.* The plea agreement supplement reflected that there were no additional terms to the plea agreement. CR Doc. 127. The factual resume set forth the elements of the offense and the stipulated facts establishing that Movant had committed the offense. CR Doc. 128.

On October 2, 2019, Movant entered a plea of guilty to count two of the indictment. CR Doc. 149. Movant testified under oath at the re-arraignment hearing that: he had discussed with counsel his plea and how the sentencing guidelines might apply in his case and he was fully satisfied with counsel; he understood that no one could predict with certainty the outcome of the Court's consideration of the guideline facts that might be applicable and that the sentence was solely within the discretion of the district judge; no one had threatened him or made any promises

to him other than as set forth in the plea agreement and plea supplement to persuade him to plead guilty; he had read and discussed the plea agreement, plea supplement, and factual resume with his counsel and understood each of them; and he understood he could receive a sentence of not more than 20 years and that he could not withdraw his plea if he received a sentence greater than he anticipated. CR Doc. 363. The Magistrate Judge issued a report and recommendation that the plea be accepted. CR Doc. 151. No objections were filed, and the Court accepted the recommendation. CR Doc. 167.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 30. CR Doc. 214, ¶ 53. He received a four-level adjustment for his role as an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. *Id.* ¶ 56. He received a two-level and a one-level decrease for acceptance of responsibility. *Id.* ¶¶ 60, 61. Based on a total offense level of 31 and a criminal history category of III, Movant's guideline imprisonment range was 135 to 168 months. *Id.* ¶ 93. Movant filed objections, CR Doc. 238, and the probation officer prepared an addendum to the PSR rejecting the objections. CR Doc. 242.

On January 31, 2020, the Court sentenced Movant to a term of imprisonment of 168 months. CR Doc. 292. Despite have waived his right to do so, Movant appealed. CR Doc. 307. His attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the United States Court of Appeals for the Fifth Circuit dismissed the appeal, finding that it presented no nonfrivolous issue for review. *United States v. Scott*, 814 F. App'x 888, 889 (5th Cir. 2020).

## II.   GROUNDS OF THE MOTION

Movant asserts one ground in support of his motion. He alleges that his plea was not knowingly, intelligently, and voluntarily entered as a result of ineffective assistance of counsel. Doc. 1.[2]

## III.   APPLICABLE LEGAL STANDARDS

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a "writ of habeas corpus will not be allowed to do service for an appeal." *Davis v. United States*, 417 U.S. 333, 345 (1974) (internal quotation marks and citation omitted); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, Movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential, and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### IV.  ANALYSIS

Movant contends that his guilty plea was the result of "gross misadvice" of counsel. Doc. 1-1 at 1. Specifically, Movant says that his attorney told him that by pleading guilty his "sentence

exposure would be based on a total offense level of between 8 and 12," triggering a guideline range of 6 to 21 months. *Id.* at 2. He declares that he pleaded guilty "based on this advice." Doc. 3 at 3.

The allegation is incredible on its face. Movant was the ringleader of a drug distribution conspiracy in which nine members were indicted. Movant faced up to a forty-year sentence had he been found guilty of conspiracy. The Court simply could not have accepted a plea that would have given him a guideline range of 6 to 21 months. But, in any event, the contention that Movant's plea was not knowing, intelligent, and voluntary is belied by the record. Movant testified under oath that he had read, understood, and discussed with his attorney the plea agreement and everything in it and that nothing needed to be corrected; he understood that no one could predict the outcome of the Court's consideration of the guideline facts that might be applicable in his case; no promises or threats had been made to induce him to enter a plea of guilty; and he would not have a right to withdraw his plea if his sentence was more severe than he anticipated. CR Doc. 363. His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his factual resume, plea agreement, and plea supplement are entitled to that presumption. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." *Id.* "If, however, the defendant's showing is

inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id. See also United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).

Here, Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Other than his conclusory allegation to the contrary, he has made no attempt to show otherwise. In particular, his declaration is void of the necessary specificity, and it is not supported by independent affidavits or declarations necessary to entitle him to a hearing. And he could not show prejudice, as there is no reason outside Movant's *ipse dixit* to believe that he would have insisted on going to trial but for the alleged representations of his attorney. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Movant certainly has not pointed to any contemporaneous evidence to substantiate his newly expressed preference for trial. *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017).

## V. CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in Movant's motion under § 2255.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **9th day** of **June, 2022**.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE